UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONCEPT SOFTWARE &
SERVICES, INC., *et al.*,

　　　　　Plaintiffs,

v.   　　　　　Civil Action No. 19-2402 (ABJ)

WILLIAM P. BARR   　　　　　*** SEALED ***
*Attorney General of the
United States, U.S.
Department of Justice*, *et al.*,

　　　　　Defendants.

## MEMORANDUM OPINION

Plaintiff Concept Software & Services Inc. ("Concept Services"), a software and engineering solutions company located in Alpharetta, Georgia, has brought this action against William P. Barr, in his official capacity as United States Attorney General; Kevin McAleenan, in his official capacity as Secretary of the Department of Homeland Security ("DHS"); Kenneth Thomas Cuccinelli, II, in his official capacity as the Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services ("USCIS"); and Loren K. Miller, Director of the Nebraska Service Center of USCIS, pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*. Compl. [Dkt. # 1] ¶¶ 1, 4–6; Ex. A to Compl. [Dkt. # 1-2] ("Petition") at ECF 3.[1] It alleges that defendants erroneously concluded that a senior consultant job offered by plaintiff to Vijay Raju Kovelakaaru, a resident of the United States and citizen of

---

[1] Reference to ECF followed by a page number refers to the blue stamped page number at the top of top of the PDF document on the docket.

India, was not a "specialty occupation" for purposes of the H-1B petition that plaintiff submitted on his behalf, Compl. ¶ 1, and that as a result, the United States Citizenship and Immigration Services ("USCIS"), acting through its Nebraska Service Center, wrongfully denied the petition. Compl. ¶¶ 17–18. Plaintiff asks the Court to set aside the agency's decision on the grounds that it was arbitrary and capricious and not in accordance with law. Compl. at 15. Defendants have moved to dismiss the complaint for improper venue, or in the alternative, to transfer the case to either the District of Nebraska or the Northern District of Georgia. Defs.' Mot. to Dismiss or, in the Alternative, to Transfer [Dkt. # 4] ("Defs.' Mot."); Defs.' Mem. in Supp. of Defs.' Mot. [Dkt. # 4-1] ("Defs.' Mem."). Because the Court finds that venue is more appropriate in the District of Nebraska, it will grant defendants' motion to transfer the case there.

## BACKGROUND

On August 14, 2019, Concept Services submitted an H-1B Petition for Nonimmigrant Worker to the USCIS on behalf of Kovelakaaru. Compl. ¶ 14; *see also* Petition. The Petition sought to amend and extend Kovelakaaru's classification as an H-1B visa recipient to enable him to change jobs and work as a Senior Consultant for Concept Services. *See* Petition at ECF 25–26. On January 22, 2019, the USCIS office in Lincoln, Nebraska requested additional evidence from Concept Software, which the company submitted.[2] Compl. ¶ 16; *see also* Ex. B to Compl. [Dkt. # 1-5] ("Request for Info."); Ex. C to Compl. [Dkt. # 1-6] ("Request Response"). On June 4, 2019, the USCIS office in Nebraska informed Concept Services that it denied the petition. Compl. ¶ 17; Ex. D to Compl. [Dkt. # 1-7] ("Denial").

---

2  It is not clear from the record why the USCIS office in Nebraska was responsible for handling plaintiff's petition.

Plaintiff filed the complaint in this matter on August 8, 2019, seeking to hold unlawful and set aside USCIS's decision. Compl. at 15. On November 20, 2019, defendants moved to dismiss, or in the alternative to transfer venue to either the District of Nebraska or the Northern District of Georgia. *See generally* Defs.' Mot. The matter is fully briefed.[3]

## Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has "broad discretion" to transfer a case under section 1404. *In re Scott*, 709 F.2d 717, 719 (D.C. Cir. 1983). The defendant, as the moving party, bears the burden of establishing that transfer is proper. *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001). The decision to transfer requires an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The threshold question under section 1404(a) is whether the action "might have been brought" in the transferee district. 28 U.S.C. § 1404(a). This limitation imposes two prerequisites: (1) "venue must be proper in the transferee district;" and (2) "the defendants must be subject to the process of the federal court in the transferee district at the time the action was originally filed." *Relf v. Gasch*, 511 F.2d 804, 806–07 (D.C. Cir. 1975).

If the threshold requirement of venue has been met, the Court must then go on to balance case-specific private interest and public interest factors to determine whether transfer is appropriate. *See Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). Private interest considerations include:

---

3   *See* Pl.'s Response to Defs.' Mot to Dismiss; and Response to Defs.' Mot. to Transfer [Dkt. # 6] ("Pl.'s Response"); Defs.' Reply in Supp. of Their Mot. [Dkt. # 8] ("Defs.' Reply").

>     (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants;
>
>     (2) the defendants' choice of forum;
>
>     (3) whether the claim arose elsewhere;
>
>     (4) the convenience of the parties;
>
>     (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and
>
>     (6) the ease of access to sources of proof.

*Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). The public interest considerations that also weigh into the decision include:

>     (1) the transferee's familiarity with the governing laws;
>
>     (2) the relative congestion of the calendars of the potential transferee and transferor courts; and
>
>     (3) the local interest in deciding local controversies at home.

*Id.*

## ANALYSIS

**I.    Venue is proper in the District of Columbia, District of Nebraska, and Northern District of Georgia.**

Venue in an action against an officer or employee of the United States acting in his official capacity is proper in any district in which:

>     (A) a defendant in the action resides;
>
>     (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>     (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Plaintiff justifies its choice of the District of Columbia as the forum for this case with the fact that the Attorney General, the Secretary of DHS, and the head of USCIS are all based in Washington, D.C. Defendants note that each of the District-based defendants has been sued in his official capacity only and point out that the complaint does not include any allegations that connect the challenged decision to the individual defendants or to any action taken in the District. Defs.' Mem. at 4–6. They cite a number of cases from this district that have held that merely "naming a cabinet secretary and agency directors does not alone anchor venue [in the District]." *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009); *see also W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 99 n.2 (D.D.C. 2013); *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008). While these cases emphasize that the key question in determining whether venue is appropriate in the District is whether there is an allegation of a "substantial personalized involvement by a member of the Washington, D.C. agency," *W. Watersheds Project*, 942 F. Supp. 2d at 98, *see also Aftab*, 597 F. Supp. 2d at 81–82, the absence of such an allegation has not resulted in the dismissal of the cases, but instead in a determination that transferring the matter to another district would be appropriate. *See W. Watersheds Project*, 942 F. Supp. 2d at 99–100; *Aftab*, 597 F. Supp. 2d at 82-84; *Al-Ahmed*, 564 F. Supp. 2d 16 at 19–20.

That resolution comports with the plain language of the statute, which plainly states that venue is appropriate in "any district in which a defendant in the action resides." 28 U.S.C. § 1391(e)(1). Here, plaintiff has chosen to sue Barr, McAleenan, and Cuccinelli in their official capacities and each is, therefore, considered a resident of the District of Columbia for venue purposes. Since venue is technically appropriate in the District of Columbia, the Court will deny the motion to dismiss.

At the same time, though, venue is also appropriate in the District of Nebraska, where plaintiff's petition was adjudicated, *see* 28 U.S.C. § 1391(e)(1)(B), and in the Northern District of Georgia, where the plaintiff resides, pursuant to subsection (C). Therefore, the question to be determined is whether one district is a more appropriate venue than the others.

**II.       The private interest factors tilt toward transferring the case to the District of Nebraska.**

The first private interest factor is the plaintiff's choice of forum. Courts in this district have held that while a plaintiff's choice of forum is ordinarily accorded deference, this deference is weakened where "a plaintiff is not a resident of the forum and 'most of the relevant events occurred elsewhere.'" *Aftab*, 597 F. Supp. 2d at 80, quoting *Hunter v. Johanns*, 517 F. Supp. 2d 340, 344 (D.D.C. 2007). Indeed, as noted above, courts have held that the District of Columbia is not the appropriate forum where "the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process." *Abusadeh v. Chertoff*, Civ. Action No. 06-2014, 2007 WL 2111036, at *6–7 (D.D.C. July 23, 2007) (internal quotations omitted); *accord Al-Ahmed*, 564 F. Supp. 2d at 19–20. Here, plaintiff is a resident of the Northern District of Georgia, its petition was adjudicated by a USCIS office in the District of Nebraska, and none of the events giving rise to the action took place in the District or involved an individual who resides here. For that reason, the plaintiff's choice to bring the case in this district should be accorded only minimal deference.

Unlike a plaintiff's choice of venue, a defendant's choice is not ordinarily accorded deference unless it can "establish that the added convenience and justice of litigating in its chosen forum overcomes the deference ordinarily given to the plaintiff's choice." *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 376 (D.D.C. 2012). Here, defendants indicate that their

6

choice of forum is either the Northern District of Georgia or the District of Nebraska. *See* Defs.' Mem. at 9–10. They contend that the convenience of the "relevant defendants" – those who were involved in adjudication of plaintiff's petition at the Nebraska outpost of USCIS – favors transfer to the District of Nebraska, while the convenience of the plaintiff favors transfer to the Northern District of Georgia. Defs.' Mem. at 9–10. But they do not argue that any defendant or witnesses will be unavailable for trial in any of the districts at issue. For that reason, the Court finds that the second factor should also be accorded minimal deference, and that the fourth and fifth factors: "(4) the convenience of the parties; (5) the convenience of the witnesses . . . but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," *Trout Unlimited*, 944 F. Supp. 13 at 16, are neutral.

The third private interest factor – whether the claim arose elsewhere – counsels towards transferring the case to the District of Nebraska where the USCIS decision was rendered. And finally, the sixth factor – the ease of access to sources of proof – points somewhat towards transferring the case to the District of Nebraska because to the extent there is an administrative record upon which the case will ultimately be adjudicated, it presumably lies in the USCIS office in Nebraska. *See Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 69 (D.D.C. 2003) ("The location of the administrative record . . . carries some weight in transfer determinations.").

Because the third and sixth factors that counsel toward transferring the case to the District of Nebraska are the most persuasive of the private interest factors, the Court finds that the private interest factors weigh in favor of transferring the case to that district.

### III. The public interest factors slightly tilt toward transferring the case to the District of Nebraska.

The first public interest factor – the transferees' familiarity with the governing laws – is neutral. This case is governed by principles of federal law with which all three courts are familiar. Thus, this factor does not influence the Court one way or another. *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor).

The second public interest factor, the relative congestion of the courts, weighs somewhat in favor of transferring the case. Defendants' motion includes a comparison of the median times it takes the three districts to bring cases from filing to trial. *See* Defs.' Mem. at 10–11. It shows that cases take approximately twice as long in the District of Columbia as compared to the District of Nebraska, and that the life of a case in D.C. is about 1.6 times as long as in the Northern District of Georgia. *See* Defs.' Mem. at 11. While these comparisons may be considered by the Court, courts in this district have held that "'[a]ny disparities between the lengths of time from filing to trial may also reflect differences other than congestion, such as differences in the types of cases that are likely to be tried in each district and the level of discovery and pre-trial motion practice required in those cases.'" *Aishat v. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 271 (D.D.C. 2018), quoting *United States v. H & R Block, Inc.*, 789 F. Supp. 2d 74, 84–85 (D.D.C. 2011). This factor, therefore, tilts the scale only slightly toward transferring the case.

The final public interest factor, the local interest in deciding local controversies at home, is the most compelling of the public interest factors. Although plaintiff states in its opposition that the case should remain in this district because "the issues here solely involve immigration law, which is federal law, no state or local laws are involved, and there is no specialized impact on

those residing in the transferee districts," Pl.'s Opp. at 6, the Court nonetheless concludes that this case is predominately a local controversy that should be decided in the District of Nebraska. Plaintiff's petition was adjudicated in that district and was denied by Loren K. Miller, Director of the USCIS office in Lincoln, Nebraska. *See* Denial. Plaintiff apparently recognizes the local aspect of the case because it has sued Miller along with the heads of the national agencies at issue. *See* Compl. And plaintiff's prayer for relief asks the Court to set aside Miller's decision. Compl. at 15. Thus, any relief granted by a court would more substantially affect the Nebraska USCIS office than the national headquarters of USCIS, which does not appear to have had any involvement with the case at all. For that reason, the Court finds that the interest in resolving the case is greatest in the District of Nebraska.

Taken as a whole, then, the public interest factors favor transferring the case to the District of Nebraska.

## CONCLUSION

For the reasons stated above, the Court finds that venue is more appropriately found in the District of Nebraska, and it will grant defendants' motion to transfer the case. Defendants' motion to dismiss based on Federal Rule of Civil Procedure 12(b)(3) will be denied. A separate order will issue.

/s/ Amy B. Jackson<br>
AMY BERMAN JACKSON<br>
United States District Judge

DATE: July 29, 2020